[No. 4521.]

## THE PEOPLE EX REL. CHARLES C. POST, ATTORNEY GENERAL v. THE AMERICAN SMELTING AND REFINING COMPANY.

**1. Quo Warranto—Jurisdiction of Supreme Court.**

The supreme court has original jurisdiction to grant writs of quo warranto, but only where questions publici juris are involved and where extraordinary and imperative reasons exist, will such jurisdiction be entertained.

**2. Same—Corporations—Issues of Fact.**

The supreme court will not entertain original jurisdiction in an action of quo warranto to forfeit the franchises of a corporation and to appoint a receiver therefor, where the facts are controverted, as the district courts have jurisdiction in such actions and have better facilities for trying issues of fact.

*Original Application for Leave to Apply for Writ of Quo Warranto.*

Mr. C. C. POST, attorney general, Mr. C. A. ROBERTS, Mr. JAMES D. MERWIN and Mr. GEORGE M. POST, assistants attorney general, for the people.

Messrs. WOLCOTT, VAILE & WATERMAN, for defendant.

*Per Curiam.*—Upon the closing day of the April, 1902, term of this court, the attorney general presented an application for leave to file a complaint for a writ of *quo warranto*. The prayer of the complaint was for judgment that the franchises and rights of defendant corporations be forfeited, and pending the proceeding sought to be instituted, asked for the appointment of a receiver to take possession of their property, upon the ground that they had combined to create a monopoly and had entered into an unlawful conspiracy to prevent competition in the smelting and refining of ores in this state, and to restrain free trade and commerce therein, in vio-

lation of their charter obligations and contrary to the laws of the state.

The attorney general had known for some time that the April term of court would be adjourned on the day above mentioned. Under our rules the application could not be passed upon until briefs of the parties were filed, if they desired to be heard, and as both parties availed themselves of this right, this necessarily carried the cause over to the next term. When the application was first presented, the court suggested that the jurisdiction invoked was with great reluctance and only upon extraordinary occasions exercised, that the district courts by the constitution were invested with original jurisdiction of all such matters, and furnished the proper forum in which to commence such proceedings, and further stated that if the desire was for an early hearing then was the reason particularly strong why the action be brought in the appropriate district court, where the issues could be settled during vacation, and the cause be speeded to a hearing sooner than if started here. Notwithstanding this intimation of the attitude of the court with respect to the application, the attorney general chose to press it, and the court fixed a short time for the filing of briefs. He filed his first brief within that time, and defendants, appearing specially to resist the application, filed their answer within the time fixed, but the attorney general asked for, and was granted, several continuances for his reply brief, which was not filed till September 3rd, just before the opening of the present term.

As we are clearly of opinion that the application must be denied, we express no opinion whatever as to its merits, or as to the sufficiency of the complaint accompanying the same. While this court under the constitution has original jurisdiction to

grant writs of *quo warranto,* yet from the very beginning until the present time only where questions *publici juris* were involved and where extraordinary and imperative reasons exist therefor have they been entertained. It appears that not only are law issues to be raised, but the facts are to be controverted. This court does not have the facilities enjoyed by the district courts for the trial of issues of fact. From our own experience and that of our predecessors in this court, we are satisfied that this controversy can be more speedily disposed of by instituting the action in the proper district court, where the issues of law and fact may be settled, and all extraneous and unnecessary questions eliminated before the cause comes here, if at all. Under the statute and the practice the cause may be advanced both in the district court and here, and by pursuing the usual course of beginning in the district court, final determination will be had as quickly as if the proceedings were begun here.

If, as stated by the attorney general in explanation of the delay in beginning the contemplated action, he became possessed of the necessary evidence only a short time before he moved in the matter, this furnishes no ground for departing from the settled practice by permitting him to begin here, rather than in the district court. But it is not inappropriate to observe that if the unlawful combination was formed, it was before the official term of the attorney general began, and if the wrongs alleged were so grievous as he asserts, it would seem that those upon whom they were visited might have furnished him with the facts necessary to maintain this action, and at such time during his term as that there would be a reasonable probability of obtaining a decision before its expiration.

The application for leave to file is denied.

*Application denied.*